**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HALBERT WILSON** | **CIVIL ACTION NO. 04-2221-LC** |
| **VS.** | **SECTION P** |
| **WARDEN JIM ROGERS, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Halbert Wilson on October 27, 2004. Plaintiff is currently incarcerated at C. Paul Phelps Correctional Center (CPP), and complains of events which allegedly occurred at that facility. Plaintiff names CPP Warden Jim Rogers and CPP food manager Mr. Hooper as defendants herein.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his original and amended complaints, plaintiff alleges that with the knowledge of the defendants, he has been subjected to inadequate food preparation and unsanitary practices in CPP's kitchen. This includes, but is not limited to, the distribution of spoiled dairy products,

---

[1] On March 10, 2005, this court filed a memorandum order [Doc. #4], directing plaintiff to amend his complaint to, among other things, dismiss any deficient claims that plaintiff could not cure through amendment. In response to that order, the plaintiff filed an amended complaint on April 7, 2005, wherein he dismissed his claims against Richard Stalder and the CPP medical department.[Doc. #5, p.14].

inadequate portion sizes, the use of outdated commodities (vegetables and meat that are spoiled), and the lack of proper hand soap and soap dispensers in the kitchen area and the inmates' restrooms. Plaintiff claims that the lack of sanitary procedures and products could cause a "health epidemic outbreak" (such as botulism). Plaintiff claims that the defendants have engaged in a cover-up of these violations, and that the defendants' actions constitute deliberate indifference to the plaintiff's constitutional rights under the Eighth and Fourteenth Amendments. Plaintiff also claims that he has been forced to participate in an impermissible taboo slave practice (waiting on staff members' tables and picking up and delivering trays) with the threat of disciplinary infractions for his refusal to cater to CPP's staff.

As a result of the incidents alleged above, plaintiff prays "that the court order an evidentiary hearing in order to ascertain the validity of the contention of denial of due process." (Doc. #1, p. 6).

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe*

2

*v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

**II. 42 U.S.C. §1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice. More specifically, the basis of plaintiff's complaint is that he has been subjected to an unconstitutional condition of confinement while incarcerated at CPP, namely unsanitary kitchen practices, inadequate food preparation, and inadequate portion servings. While the Constitution does not mandate incarcerated persons be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment

3

does require prisoners be afforded "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Encompassed within the notion of "humane conditions of confinement," are assurances that prisoners will receive adequate food, shelter, clothing and medical care, and that prison officials will "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832(quoting, *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, the plaintiff must satisfy both a subjective and objective component. First, the objective requirement necessitates that the inmate allege a **sufficiently serious deprivation**. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991)(emphasis added). A sufficiently serious deprivation is one which denies the inmate "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Only such deprivations are sufficiently grave to constitute cruel and unusual punishment. *Id*. Second, the subjective requirement necessitates that the prison official must have acted with a sufficiently culpable state of mind. *Farmer,* 511 U.S. at 834 (citations omitted). A prison official's culpable state of mind is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id*. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Farmer,* 511 U.S. at 838-840. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. *Farmer*, 511 U.S. at 835 (citing, *Estelle v. Gamble*, 429 U.S. 97, 104,

4

97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). As previously stated, **a conditions of confinement claim must satisfy tests for both objective and subjective components. However, the subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities.** *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998)(emphasis added).

Based on the above, plaintiff's claims herein are without merit. Although plaintiff's amended complaint is lengthy, it fails to provide much more than conclusory allegations. Plaintiff's belief that the food portions should be larger, or his unsubstantiated allegations concerning the procedures and products utilized in CPP's kitchen, certainly do not establish a sufficiently serious deprivation giving rise to an Eighth Amendment violation. As plaintiff has not shown a deprivation of the minimal civilized measure of life's necessities, his claims do not constitute cruel and unusual punishment. **Simply put, plaintiff has not shown that the constitutional minimum has not been satisfied.** Accordingly, the court need not apply the subjective test as plaintiff has not objectively demonstrated a sufficiently extreme deprivation of any minimal civilized measure of life's necessities and therefore, his claims are recommended dismissed.[2]

Finally, plaintiff's claim that inmates working in the kitchen are "forced to participate in an obvious impermissible taboo slave practice by doing waiter work" does not rise to the level of a constitutional violation. Plaintiff is serving a criminal sentence in the custody of the Louisiana

---

[2] To the extent that plaintiff's seeks monetary damages for the alleged constitutional violations, his claim would be barred by the physical injury requirement of 42 U.S.C. § 1997e(e). Plaintiff fails to allege that he suffered any specific physical injuries as a result of the alleged unconstitutional conditions, and the Fifth Circuit has made it clear that in light of § 1997e(e), compensatory damages for mental or emotional injuries are non-recoverable, absent a physical injury. See, *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005). Moreover, while the physical injury need not be significant, it must be more than *de minimis*. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997).

5

Department of Corrections, and the Fifth Circuit has held that "inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." *Ali v. Johnson,* 259 F.3d 317 (5th Cir. 2001).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that all claims brought by plaintiff herein be **DISMISSED WITH PREJUDICE** as frivolous and fail to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc.72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED**, in Chambers, at Lake Charles, Louisiana, this 7th day of July, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE